DECISION
This case is the sequel to Etter v. Dept. of Rev., TC-MD No 050375C (June 16, 2011) (Etter). Plaintiff is represented by Phyllis Jackson (Jackson), Licensed Tax Consultant. Plaintiff challenges the Department of Revenue's construction of49 USC section 40116(f) and its application to certain aircraft dispatchers. The instant case was held in abeyance pending this court's decision in Niblack v. Dept. of Rev., TC-MD No 041021E, WL 3369860 (Dec. 8, 2005) (Niblack), and an appeal from that decision to the Regular Division that was ultimately dismissed,Niblack v. Dept. of Rev., TC No 4753 (May 24, 2010). Plaintiff opted to receive a decision from this court without having a trial, based on the written submissions of both parties.
 I. STATEMENT OF FACTS
The facts of Plaintiff's residence and employment are the same for the relevant time period in this case as they were inEtter, TC-MD No 050375C.
Plaintiff's Oregon returns for tax years 2001, 2002, 2003, and 2004 included an exemption from Oregon income tax on his air carrier work pay under 49 USC section 40116(f). Plaintiff timely filed refund claims for tax years 2001 and 2002. Plaintiff received two Notices of Proposed Adjustment (Adjustment) from Defendant in 2007. (Ptf's Compl at 9, 12.) The first Adjustment, dated March 7, 2007, denied Plaintiff's refund claim for tax year 2002. (Id. at 12.) The second Adjustment, dated April 17, 2007, denied Plaintiff's refund claim for tax year 2001. *Page 2 
(Id. at 9.) Plaintiff also received two Notices of Deficiency (Notices) from Defendant in 2007. (Id. at 16-18, 20-22.) The Notices, both dated April 18, 2007, indicated that Plaintiff had deficiencies for tax years 2003 and 2004, respectively. (Id. at 16, 20)
All of the Adjustments and Notices were based on Defendant's denial of Plaintiff's exemption for tax years 2001 through 2004. Plaintiff timely appealed all of the Adjustments and Notices to this court in this case, which covers tax years 2001 through 2004.
 II. ANALYSIS
Plaintiff's representative Jackson argues, as she did inEtter, TC-MD No 050375C, that Plaintiff qualifies for the exemption under 49 USC section 40116(f) simply because he is employed as an aircraft dispatcher. Her argument fails to show that Plaintiff meets the statutory prerequisites for the exemption by having assigned and regular duties on aircraft in two states. 49 USC § 40116(f)(2).[1] Jackson argues that Plaintiff's five hours of aircraft duty per year are regular duties because of their recurring nature. (Ptf's Nov 17, 2010 Brief at 3.) However, this court understands the term "regular," as used by49 USC section 40116(f)(2), in a different sense from Plaintiff's interpretation: as an activity's frequency compared to other activities. Niblack, TC-MD No 041021E at *5-6, WL 3369860 *3. Plaintiff has made no showing that his aircraft duty is "regular" in that sense. All additions that Plaintiff's representative made to Plaintiff's argument here since the earlier Etter case are either immaterial or off-point.[2] *Page 3 
Like most sequels, this one is predictable. Because the relevant law did not change between the time of the events in Etter and the time of the events in this case, this court's decision inEtter controls.[3] The result in Etter applies to Plaintiff's tax years here.
 III. CONCLUSION
Because Plaintiff has not shown that he qualifies for the exemption in 49 USC section 40116(f) for tax years 2001, 2002, 2003, and 2004, he is denied that exemption for those years, and is subject to the applicable Oregon income tax. Now, therefore,
IT IS THE DECISION OF THIS COURT that the Adjustment for tax year 2001 be upheld;
IT IS FURTHER DECIDED that the Adjustment for tax year 2002 be upheld;
IT IS FURTHER DECIDED that the Notice for tax year 2003 be upheld; and
IT IS FURTHER DECIDED that the Notice for tax year 2004 be upheld.
Dated this ____ day of October 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 4, 2011. The Court filed and entered this documenton October 4, 2011.
[1] The court's references to the United States Code (USC) are to 1986 edition of the Internal Revenue Code (IRC), as amended through 2004, and applicable to the years at issue. However, the text of the statute did not change between 2001 and 2004, which are the years under appeal. Therefore, the court's citations are to the 2000 USC.
[2] In her argument in this case and in the appeal for the 2000 tax year, Plaintiff's representative has referred to "an amendment" to 49 USC section 40116 that eliminates the 50 percent rule of subsection (f)(2)(B). It appears from her submissions to this court that the so-called amendment is actually IRS Publication 17. Page 178 of this Publication includes "dispatchers" in a list of air carrier personnel who are exempt from the federal 50 percent limitation on deductible business-related meal andentertainment expenses. This information has no bearing on Plaintiff's case.
[3] The relevant statutes are 40 USC section 40116 and ORS 316.037(3). Although ORS 316.037 was amended in 2001 and 2003, the text of subsection (3) remained the same between the tax year in Etter and the tax years here. Or Laws 2001, ch 660, § 11; Or Laws 2003, ch 46, § 37. The amendments made to ORS 316.037 during that time did not change the effect of subsection (3). Id. *Page 1